

**FILED**
**Jun 05, 2023**
**07:00 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT NASHVILLE

| | | |
|---|---|---|
| **Rachel Comfort,** | ) | **Docket No. 2022-06-2242** |
| **Employee,** | ) | |
| **v.** | ) | |
| **Access Dental Lab,** | ) | **State File No. 801209-2022** |
| **Employer,** | ) | |
| **And** | ) | |
| **Federal Ins. Co.,** | ) | **Judge Kenneth M. Switzer** |
| **Carrier.** | ) | |

---

## EXPEDITED HEARING ORDER DENYING BENEFITS

---

The Court held an expedited hearing on June 1, 2023, regarding Rachel Comfort's entitlement to medical and temporary disability benefits. Access Dental Lab denied the claim, challenging whether the injury occurred at work and the alleged date of injury. For the reasons below, the Court finds that Ms. Comfort did not prove a specific incident caused her injury, that she suffers from a cumulative trauma condition, or the date of injury. The Court holds that she is not entitled to benefits.

### Claim History

Ms. Comfort worked "on the line" for Access Dental Lab. She said her duties included pushing and pulling boxes and carts. Ms. Comfort testified that, after four months on the job, her left shoulder "was not really working. It always had a burning sensation." The burning sensation spread to her back and neck from continuous heavy lifting, pushing, and pulling. She told her supervisors and asked to see a doctor, but they did nothing in response.

So, Ms. Comfort sought treatment twice on her own at the emergency room. She later saw a primary care doctor, orthopedic specialist, and physical therapist. The only admissible medical record she offered into evidence was a December 2022 "final report" of thoracic spine x-rays.

1

She alleged in her petition for benefit determination that she injured her underarms on February 20, 2022. Ms. Comfort, whose primary language is not English, wrote she was "pushing boxes to another place several time[s.] The boxes felt but i pick up. the boxes put the top of another boxes[.] My left shoulder hurt[.]"[1] Ms. Comfort also filed an earlier petition, alleging she injured her left shoulder on February 15, 2022, from "carrying dental arches" and "carrying heavy boxes."[2] Ms. Comfort testified that she did not complete the initial petition but "maybe a friend" did for her. The friend, whom she declined to identify, mistakenly wrote the date of injury as February 15, 2022. Ms. Comfort signed both petitions below a certification that they are "true and accurate to the best of my knowledge, information, and belief."

Heike Brooks, a claims examiner, testified regarding the processing of Ms. Comfort's claim. She stated that another examiner in her office initially handled the claim and took a recorded statement from Ms. Comfort. Access Dental introduced a transcript of the statement. In it, Ms. Comfort said she became injured on "the 15th." Ms. Comfort also stated she was pushing a stack of totes when some of them fell and hit her left shoulder and neck.

Ms. Comfort could not recall speaking with the claims examiner. She said she was in pain and on medication, and she suffers from memory loss. She stated several times, "My brain does not function." Ms. Comfort denied telling anyone that the date of injury was February 15 or that a stack of bins hit her on her left shoulder. Access Dental Lab introduced the transcript of the recorded statement into evidence, and the Court admitted it over Ms. Comfort's objection to its content.

Keith Smith, Access Dental Lab's director of maintenance and safety, also testified about investigating the claim. He stated he requested surveillance video from the security department, and security found three videos. After viewing them, Mr. Smith sent them to the carrier. Afterward, the claim was denied. The denial form states, "There was no accident or injury arising out of or in the course and scope of employment."

Access Dental introduced the three videos. Ms. Comfort said she had never seen them. Mr. Smith authenticated them, and they were allowed into evidence over Ms. Comfort's objection. Ms. Comfort said they were "made up" and refused to watch them, so the Court viewed the videos in chambers.

---

[1] Ms. Comfort's English proficiency is unclear. She agreed on cross-examination that she worked as an interpreter for the Afghan army many years ago, interpreting English to Farsi. She communicated at work in English, sometimes with the help of coworkers. Further, she gave a recorded statement to a claims examiner in English.

[2] The previous case was dismissed without prejudice to its refiling.

All three videos depicted the same incident but from different camera angles, and they are date-stamped "2-15-22." They showed Ms. Comfort pushing a tall stack of six empty totes. The top two totes fell to the floor to her right but did not strike her. A few seconds later, Ms. Comfort placed two totes that did not fall on top of one of the fallen totes. She moved the two bottom totes in line with other stacked totes. Then, she placed all the totes back in the stack and walked away, in no apparent distress.

**Findings of Fact and Conclusions of Law**

Ms. Comfort, as the employee in a workers' compensation case, has the burden of proving all essential elements of her claim. *Scott v. Integrity Staffing Solutions*, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). To obtain the requested benefits at an expedited hearing, Ms. Comfort must show that she is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2022).

Ms. Comfort must show that she suffered an "injury" as that term is defined in the Workers' Compensation Law. Tennessee Code Annotated section 50-6-102(12) states that an "injury" is either by "accident" or a "cumulative trauma condition" arising "primarily out of and in the course and scope of employment." Further, an injury is accidental only if it is caused by a "specific incident or set of incidents . . . identifiable by time and place of occurrence[.]" *Id.* at -102(12)(A).

Here, *the pleadings* suggest that Ms. Comfort alleged an injury by accident. In this lawsuit, she wrote on the petition (paraphrasing slightly) that she was repeatedly pushing boxes when some fell. She picked them up and arranged them on top of the other boxes, and her left shoulder hurt. In the previous case, she wrote on the petition that she was carrying heavy boxes. Then, at the hearing, Ms. Comfort *testified* that, after four months on the job, her left shoulder "was not really working," and she felt a "burning sensation" from continuous lifting, pushing, and pulling. Notably, Ms. Comfort did *not* testify about a stack of totes falling on her in her declaration or at the hearing.

As a result, the Court cannot tell whether Ms. Comfort is arguing that she suffered an injury by accident or a cumulative trauma condition. The Tennessee Supreme Court has instructed that it is not the role of the trial courts "to construct a litigant's case or arguments" for her. *Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.,* 301 S.W.3d 603, 615 (Tenn. 2010).

Under either theory of the case, Ms. Comfort has not satisfied her burden of proof. That proof was almost exclusively her testimony, which was not credible. She was unable to recall giving the recorded statement and repeatedly said that her "brain does not function." Further, Ms. Comfort said she had never seen the videos, refused to watch them, and then claimed, sight unseen, that they were "made up." She interrupted witnesses,

counsel, the interpreter, and the Court, and her overall demeanor was agitated, hesitant, defensive, and argumentative. *See Kelly v. Kelly,* 445 S.W.3d 685, 694-695 (Tenn. 2014).

Turning to the video evidence, they do *not* show the totes striking Ms. Comfort forcefully or even touching her body. The totes fall next to her right side, not her left. She appears to calmly retrieve the fallen totes and returns them to the stack.

As to when the alleged accident occurred, her petition states February 20. However, the videos are date-stamped February 15, 2020, which is the same date she alleged in her first petition and in her recorded statement. Ms. Comfort's claim that an unidentified friend mistakenly wrote the wrong date is unpersuasive, as she is the one who certified it to be true and correct when she signed the pleading.

The Court cannot find that Ms. Comfort has shown a specific incident identifiable by time that caused her alleged injuries. Nor has Ms. Comfort shown a cumulative trauma injury from four months of continuous lifting, pushing, and pulling. She offered no proof that a doctor related her condition to work, and her alleged injury is complicated. As the Appeals Board held, "Except in the most obvious, simple and routine cases, the claimant in a workers' compensation action must establish by expert medical evidence the causal relationship . . . between the claimant's injury (and disability) and the employment activity." *Albright v. Hercules HVAC Pads, Inc.,* 2018 TN Wrk. Comp. App. Bd. LEXIS 66, at *13 (Dec. 20, 2018).

Therefore, the Court holds that Ms. Comfort is unlikely to prevail at a hearing on the merits that she is entitled to benefits.

IT IS ORDERED AS FOLLOWS:

1.  Ms. Comfort's requested relief is denied at this time.

2.  This case is set for a status hearing on **August 7, 2023,** at **10:45 a.m. Central Time.** You must call 615-532-9552 or at 866-943-0025 to participate. Access Dental Lab must arrange for a court-certified or -registered interpreter.

**ENTERED June 5, 2023.**

*Kenneth M. Switzer*
**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

4

**Appendix**

Technical record:
1. Petition for Benefit Determination, May 18, 2022, and Order of Dismissal Without Prejudice
2. Petition for Benefit Determination, November 29, 2022
3. Dispute Certification Notice, and Additional Information from Employee and Employer
4. Order Setting Status Hearing
5. Hearing Request
6. Objection to Expedited Hearing on the Record
7. Order on Status Hearing
8. Motion to Continue Expedited Hearing
9. Order Continuing Expedited Hearing
10. Order Resetting Expedited Hearing
11. Employer's Pre-Expedited Hearing Brief (No attachments)
12. Motion of Witnesses Via Telephone
13. Order Denying Motion for Telephone Appearance
14. Motion of Witnesses Regarding Testimony of Heike Brooks and Keith Smith
15. Order on Motion for Witnesses to Appear by Phone

Evidence:
1. Declaration of Ms. Comfort
2. Affidavit of Heike Brooks
3. Affidavit of Kevin Smith
4. Wage statement
5. Notice of Denial and cover letter
6. Medical records (Identification only)[3]
7. X-ray, thoracic spine, report signed by Dr. Alex Hall
8. Choice of Physicians form
9. Three videos
10. Transcript of recorded statement of Rachel Comfort, March 21, 2022
11. Previous workers' compensation claims records (Identification only)[4]

---

[3] Ms. Comfort offered copies of: unsigned work excuses; a bank statement; emergency room discharge instructions, a letter conveying mammogram results; primary care physician records signed by a physician assistant; and appointment notices. The Court did not admit them into evidence because they are not relevant, nor are they signed by a medical doctor. Tenn. R. Evid. 402; Tenn. Comp. R. & Regs. 0800-02-21-.16(2)(b) (February, 2022) (Medical records are self-authenticating and admissible when signed by a physician).

[4] The records lacked a certification, and no witness authenticated them, so the Court did not admit them into evidence.

**CERTIFICATE OF SERVICE**

I certify that a copy of this Order was sent as indicated on June 5, 2023.

| Name | Certified Mail | U.S. Mail | Email | Service sent to: |
|---|---|---|---|---|
| Rachel Comfort, Employee | | | X | rachelcomfort@icloud.com<br>lalia9994@aol.com |
| James Tucker, Employer's Attorney | | | X | jtucker@manierherod.com<br>pbarron@manierherod.com<br>dstevens@manierherod.com<br>lohman@manierherod.com |

_____

Penny Shrum
Clerk, Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*